**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF NEW JERSEY

MITCHELL H. COHEN U.S. COURTHOUSE

400 COOPER STREET

CAMDEN, NEW JERSEY 08101-2067

(856) 361-2310

**JERROLD N. POSLUSNY, JR.**
U.S. BANKRUPTCY JUDGE

FILED

JEANNE A. NAUGHTON, CLERK

MAY 30 2019

U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____ DEPUTY

May 30, 2019

**Via First Class Mail & CM/ECF**

Ruby N. Hammond
1800 Laurel Road, Apt. 1514
Lindenwold, NJ 08021

Andrew Sklar
Sklar Law, LLC
1200 Laurel Oak Road
Suite 102
Voorhees, NJ 08043

Re:    In re Hammond (Case No. 19-15817)

Dear Ms. Hammond and Mr. Sklar:

This letter discusses my decision on whether Ms. Hammond may exempt her New York Life Annuity (the "Annuity"). On March 22, 2019, Ms. Hammond filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The bankruptcy petition is accompanied by Ms. Hammond's schedules. Schedule C states that Ms. Hammond claimed federal exemptions. That election allowed Ms. Hammond to identify which property she claimed as exempt under section 522(d) of the Bankruptcy Code. Of relevance here, Ms. Hammond listed the Annuity in the amount of $45,000 as exempt under section 522(d)(7). The Chapter 7 Trustee, Andrew Sklar, objected to this exemption as invalid because Ms. Hammond seeks to exempt an "annuity" rather than an "unmatured life insurance contract." Dkt. No. 18. The Trustee is correct.

Section 522(d)(7) provides that a debtor is allowed to exempt "[a]ny unmatured life insurance contract . . . other than a credit life insurance contract." 11 U.S.C. § 522(d)(7). In this case, Ms. Hammond sought to exempt the Annuity. Based on the document Ms. Hammond submitted to the Trustee, the Annuity is not an "unmatured life insurance contract" as required under section 522(d)(7).

An "annuity" is a "an amount payable yearly or at other regular intervals . . . for a certain or uncertain period (as for years, for life, or in perpetuity)." Rousey v. Jacoway, 544 U.S. 320, 330 (2005) (citation omitted) (footnote omitted). On the other hand, a "'life insurance' is defined as insurance for payment of a stipulated sum to a designated beneficiary upon death of the insured . . . . By definition, an insurance policy [whether matured or unmatured] of this nature does not provide a source of income that substitutes for wages in the manner that . . . an annuity does." In re Daly, 344 B.R. 304, 317 (Bankr. M.D. Pa. 2005).

Because the Annuity is not a "life insurance contract," as defined above, Ms. Hammond's exemption under section 522(d)(7) is not a valid claimed exemption. For these reasons, the Trustee's objection to Ms. Hammond's proposed exemption of the Annuity is sustained. An order related to this decision is enclosed.

Very truly yours,

JERROLD N. POSLUSNY, JR.
U.S. Bankruptcy Judge

JNP